UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

BRAYAN GOMEZ GRAJALES,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AMENDED CONSENT
PRELIMINARY ORDER OF
FORFEITURE AS TO
SPECIFIC PROPERTY

25 Cr. 362 (GBD)

WHEREAS, on or about August 13, 2025, BRAYAN GOMEZ GRAJALES (the "Defendant"), was charged in a one-count Information, 25 Cr. 362 (GBD) (the "Information"), with firearm use, carrying, and possession, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) and 2 (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), of any and all firearms and ammunition involved in or used in the offense charged in Count One of the Information, including but not limited to:

    a.  Two Polymer 80 9-millimeter firearms (the "Polymer Firearms");

    b.  A 9-millimeter Taurus G2C firearm with serial number ADE289462 (the "Taurus Firearm");

    c.  A .22 caliber Smith & Wesson M&P 15-22 firearm with serial number DEP7785 (the "SW Firearm-1");

    d.  A .45 caliber Colt 1911 with United States Property No. 1848521 (the "Colt Pistol");

    e.  A 9-millimeter Smith & Wesson M&P shield with serial number HPP3301 (the "SW Firearm-2");

    f.  A .38 Rossi Interarms special revolver with serial number AA213984 (the "Rossi Revolver");

    g.  Smith & Wesson bodyguard revolver with an integrated crimson trace laser (the "SW Firearm-3"); and

    h.  A FN Model 509 semi-automatic handgun with serial number GKS0291318 (the "FN Handgun");

(a. through h., collectively, the "Indictment Property");

WHEREAS, on or about August 13, 2025, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), all right, title and interest of the Defendant in the Indictment Property;

WHEREAS, the Government has identified the following additional property as constituting the firearms and ammunition involved in or used in the offenses charged in Count One of the Information:

    a.  One Fabrique National Magazine found with the FN Handgun;

    b.  Fourteen 9mm Speer cartridges found with the FN Handgun;

    c.  Five .38 Ammo Inc. cartridges found with the SW Firearm-3;

    d.  A .38 caliber Ruger "Security-Six" Revolver, with lead seal no. 543769 (the "Ruger Firearm");

    e.  Five .38 Federal 38 SPL + P Cartridges found with the Ruger Firearm;

    f.  One .38 Winchester 38 SPL + P Cartridge found with the Ruger Firearm;

    g.  A Black Sig Sauer 9mm Para Pistol, with serial number EAK010759 (the "Sig Sauer Pistol");

h.  Four 9mm Luger Cartridges found with the Sig Sauer Pistol;

i.  One P250 9mm Sig Saure magazine found with the Sig Sauer Pistol;

j.  One magazine of unknown make found with the Taurus Firearm;

k.  Eight 9mm assorted cartridges found with the Taurus Firearm;

l.  One Cabela scope mounted to the SW Firearm-1;

m.  One Chip McCormick magazine found with the Colt Pistol;

n.  One black magazine of unknown make found with the Colt Pistol;

o.  Three 9mm Luger cartridges found with the Colt Pistol;

p.  Eight .45 assorted cartridges found with the Colt Pistol;

q.  A .38 caliber Interarms (MFGR) M68 Revolver, with serial number AA213984;

r.  One Smith & Wesson magazine found with the SW Firearm-2;

s.  One Glock magazine found with the Polymer Firearms; and

t.  Seven 9mm Luger cartridges found with the Polymer Firearms;

(a. through t., collectively with the Indictment Property, the "Specific Property");

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes firearms and ammunition involved in or used in the offense charged in Count One of the Information; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney, Diarra M. Guthrie, of counsel, and the Defendant and his counsel, Andrew Dalack, Esq., that:

1.      As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Amended Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant BRAYAN GOMEZ GRAJALES and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      Upon entry of this Amended Consent Preliminary Order of Forfeiture as to Specific Property, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice

on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.    The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.    Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9.    The Court shall retain jurisdiction to enforce this Amended Preliminary Order of Forfeiture as to Certain Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

10.    The signature page of this Amended Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____        1/14/2026
    DIARRA M. GUTHRIE                       DATE
    Assistant United States Attorney
    26 Federal Plaza
    New York, NY 10278
    (212) 637-2463


BRAYAN GOMEZ GRAJALES

By: _____        1/14/26.
    BRAYAN GOMEZ GRAJALES                   DATE


By: _____        1/14/2026.
    ANDREW DALACK, ESQ.                     DATE
    Attorney for Defendant
    Federal Defenders of New York
    52 Duane Street, 10th Floor
    New York, NY 10007


SO ORDERED:

_____            JAN 1 4 2026
HONORABLE GEORGE B. DANIELS                DATE
UNITED STATES DISTRICT JUDGE