UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

BRAYAN GOMEZ GRAJALES,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:     CORRECTED PRELIMINARY
:     ORDER OF FORFEITURE AS TO
:     SPECIFIC PROPERTY
:
:     25 Cr. 362 (GBD)
:
:

WHEREAS, on or about August 13, 2025, BRAYAN GOMEZ GRAJALES (the "Defendant"), was charged in a one-count Information, 25 Cr. 362 (GBD) (the "Information"), with firearm use, carrying, and possession, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) and 2 (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), of any and all firearms and ammunition involved in or used in the offense charged in Count One of the Information, including but not limited to:

    a. Two Polymer 80 9-millimeter firearms (the "Polymer Firearms");

    b. A 9-millimeter Taurus G2C firearm with serial number ADE289462 (the "Taurus Firearm");

    c. A .22 caliber Smith & Wesson M&P 15-22 firearm with serial number DEP7785 (the "SW Firearm-1");

    d. A .45 caliber Colt 1911 with United States Property No. 1848521 (the "Colt Pistol");

    e. A 9-millimeter Smith & Wesson M&P shield with serial number HPP3301 (the "SW Firearm-2");

    f. A .38 Rossi Interarms special revolver with serial number AA213984 (the "Rossi Revolver");

  g. Smith & Wesson bodyguard revolver with an integrated crimson trace laser (the "SW Firearm-3"); and

  h. A FN Model 509 semi-automatic handgun with serial number GKS0291318 (the "FN Handgun");

(a. through h., collectively, the "Indictment Property");

WHEREAS, on or about August 13, 2025, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), all right, title and interest of the Defendant in the Indictment Property;

WHEREAS, on or about January 14, 2026, the Court entered an Amended Consent Preliminary Order of Forfeiture as to Specific Property (the "Amended Preliminary Order of Forfeiture"), forfeiting all right, title and interest of the Defendant in the following specific property;

  a. One Fabrique National Magazine found with the FN Handgun;

  b. Fourteen 9mm Speer cartridges found with the FN Handgun;

  c. Five .38 Ammo Inc. cartridges found with the SW Firearm-3;

  d. A .38 caliber Ruger "Security-Six" Revolver, with lead seal no. 543769 (the "Ruger Firearm");

  e. Five .38 Federal 38 SPL + P Cartridges found with the Ruger Firearm;

  f. One .38 Winchester 38 SPL + P Cartridge found with the Ruger Firearm;

g. A Black Sig Sauer 9mm Para Pistol, with serial number EAK010759 (the "Sig Sauer Pistol");

h. Four 9mm Luger Cartridges found with the Sig Sauer Pistol;

i. One P250 9mm Sig Saure magazine found with the Sig Sauer Pistol;

j. One magazine of unknown make found with the Taurus Firearm;

k. Eight 9mm assorted cartridges found with the Taurus Firearm;

l. One Cabela scope mounted to the SW Firearm-1;

m. One Chip McCormick magazine found with the Colt Pistol;

n. One black magazine of unknown make found with the Colt Pistol;

o. Three 9mm Luger cartridges found with the Colt Pistol;

p. Eight .45 assorted cartridges found with the Colt Pistol;

q. A .38 caliber Interarms (MFGR) M68 Revolver, with serial number AA213984;

r. One Smith & Wesson magazine found with the SW Firearm-2;

s. One Glock magazine found with the Polymer Firearm-1; and

t. Seven 9mm Luger cartridges found with the Polymer Firearms;

(a. through t., collectively with the Indictment Property, the "Specific Property");

WHEREAS, the Amended Preliminary Order of Forfeiture incorrectly identified the United States Marshals Service as the agency authorized to take custody of the Specific Property; and

WHEREAS, the Amended Preliminary Order of Forfeiture is to be corrected to reflect that the United States Customs and Border Protection is the proper custodial agency, and the Amended Preliminary Order of Forfeiture should in all other respects remain unchanged and fully incorporated herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.    As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Corrected Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant BRAYAN GOMEZ GRAJALES, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.    Upon entry of this Corrected Preliminary Order of Forfeiture as to Specific Property, the United States Customs and Border Protection (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

4.      The Court shall retain jurisdiction to enforce this Corrected Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

George B Daniels

HONORABLE GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

FEB 17 2026
DATE