Case 1:25-cr-00362-GBD Document 25-1 Filed 08/06/26 Page 1 of 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **FINAL ORDER OF FORFEITURE** |
| -v.- | 25 Cr. 362 (GBD) |
| BRAYAN GOMEZ GRAJALES, | |
| Defendant. | |

WHEREAS, on or about February 17, 2026, this Court entered a Corrected Preliminary Order of Forfeiture as to Specific Property (the "Preliminary Order of Forfeiture") (D.E. 22), which ordered the forfeiture to the United States of all right, title and interest of BRAYAN GOMEZ GRAJALES (the "Defendant") in the following property:

a. Two (2) Polymer80 9-millimeter firearms (the "Polymer Firearms");

b. A 9-millimeter Taurus G2C firearm with serial number ADE289462 (the "Taurus Firearm");

c. A .22 caliber Smith & Wesson M&P 15-22 firearm with serial number DEP7785 (the "SW Firearm-1");

d. A .45 caliber Colt 1911 with United States Property No. 1848521 (the "Colt Pistol");

e. A 9-millimeter Smith & Wesson M&P shield with serial number HPP3301 (the "SW Firearm-2");

f. A .38 Rossi Interarms special revolver with serial number AA213984 (the "Rossi Revolver");

g. Smith & Wesson bodyguard revolver with an integrated crimson trace laser (the "SW Firearm-3");

h. A FN Model 509 semi-automatic handgun with serial number GKS0291318 (the "FN Handgun");

i. One Fabrique National Magazine found with the FN Handgun;

j. Fourteen (14) 9mm Speer cartridges found with the FN Handgun;

k. Five (5) .38 Ammo Inc. cartridges found with the SW Firearm-3;

l. A .38 caliber Ruger "Security-Six" Revolver, with lead seal no. 543769 (the "Ruger Firearm");

m. Five (5) .38 Federal 38 SPL + P Cartridges found with the Ruger Firearm;

n. One .38 Winchester 38 SPL + P Cartridge found with the Ruger Firearm;

o. A Black Sig Sauer 9mm Para Pistol, with serial number EAK010759 (the "Sig Sauer Pistol");

p. Four (4) 9mm Luger Cartridges found with the Sig Sauer Pistol;

q. One P250 9mm Sig Sauer magazine found with the Sig Sauer Pistol;

r. One magazine of unknown make found with the Taurus Firearm;

s. Eight (8) 9mm assorted cartridges found with the Taurus Firearm;

t. One Cabela scope mounted to the SW Firearm-1;

u. One Chip McCormick magazine found with the Colt Pistol;

v. One black magazine of unknown make found with the Colt Pistol;

w. Three (3) 9mm Luger cartridges found with the Colt Pistol;

x. Eight (8) .45 assorted cartridges found with the Colt Pistol;

y. A .38 caliber Interarms (MFGR) M68 Revolver, with serial number AA213984;

z. One Smith & Wesson magazine found with the SW Firearm-2;

aa. One Glock magazine found with the Polymer Firearms; and

bb. Seven (7) 9mm Luger cartridges found with the Polymer Firearms;

(a. through bb., collectively, the "Specific Property").

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site (www.forfeiture.gov) beginning on April 3, 2026, for thirty (30) consecutive days, through May 2, 2026, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court;

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Specific Property have been filed;

Case 1:25-cr-00362-GBD Document 25-1 Filed 08/06/26 Page 4 of 4

WHEREAS, the Defendant is the only person and/or entity known by the Government to have a potential interest the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Specific Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property.

3. The United States Customs and Border Protection (or its designee) shall take possession of the Specific Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
AUG 17 2026

SO ORDERED:

George B. Daniels

HONORABLE GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE